IN THE UNITED STATES DISTRICT COURT,
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-85-M-RN

| | |
|---|---|
| JOE HAND PROMOTIONS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER and** |
| ) | **ENTRY OF DEFAULT** |
| MS MANAGMENT L.L.C. d/b/a PIER 24 ) | |
| SEAFOOD & PUB, LARRY D. ) | |
| BARKSDALE, and MARCUS A. SMITH, ) | |
| ) | |
| Defendants. ) | |

This matter is before the clerk on the motion for entry of default [DE-11] filed by plaintiff Joe Hand Promotions, Inc. For the reasons set forth below, the motion [DE-11] is GRANTED as to defendants Larry D. Barksdale and Marcus A. Smith, and DENIED without prejudice as to defendant MS Managment L.L.C. d/b/a Pier 24 Seafood & Pub.

## DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff correctly states that none of the defendants have filed an answer or otherwise appeared in this action in this court. Plaintiff has not, however, shown by affidavit or otherwise that all the defendants were properly served with the summons and complaint as required by Rule 4 of the Federal Rules of Civil Procedure. Without being properly served, a defendant has no obligation to file an answer or appear in this action. See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against

a defendant."), Henderson v. Los Angeles Cnty., No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered"); see also Fed. R. Civ. P. 12(a)(1)(A).

Specifically, the record shows that plaintiff has shown that the two individual defendants, Larry D. Barksdale and Marcus A. Smith, have been properly served under Fed. R. Civ. P. 4(e) and North Carolina law by service by a designated delivery service. See Fed. R. Civ. P. 4(e)(1) (providing that an individual may be served by following state law for serving a summons in the state where the district court is located); N.C. Gen. Stat. §1A-1, Rule 4(j)(1)(d) (providing that an individual may be served by "[d]epositing with a designated delivery service authorized by pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering the address, and obtaining a delivery receipt"); Aff. of Service [DE-9]. Accordingly, the motion for entry of default [DE-11] is GRANTED as to defendants Larry D. Barksdale and Marcus A. Smith.

The clerk cannot yet so find as to defendant MS Managment L.L.C d/b/a Pier 24 Seafood & Pub. Plaintiff contends that it served this defendant via the North Carolina Secretary of State via Rule 4 of the Federal Rules of Civil Procedure and N.C. Gen. Stat. § 55D-33. Under North Carolina law, however, the Secretary of State becomes an agent for service of process for an entity only (1) when an entity "fails to appoint or maintain a registered agent in this State;" (2) when an entity's "registered agent cannot with due diligence be found at the registered office;" or (3) "when the Secretary of State revokes a certificate of authority or a statement of foreign registration of a foreign entity authorized to transact business or conduct affairs in this State." N.G. Gen. Stat. §

55D-33(b). The record presently does not allow the clerk to find that any of the conditions that allow an entity to be served via the North Carolina Secretary of State have been met. See Interior Distributors, Inc. v. Hartland Const. Co., 116 N.C. App. 627, 632, 449 S.E.2d 193, 195–96 (1994) (finding that service on the Secretary of State was improper where plaintiff had actual knowledge of an address where defendant could be served and did not attempt to serve defendant at the known address); Zulveta v. Larmore Landscape Assocs., No. 1:18-CV-888, 2019 WL 480517, at *6 (M.D.N.C. Feb. 7, 2019) (finding that service on the Secretary of State was improper where plaintiff failed to show due diligence in attempting to serve registered agent). Accordingly, the motion for entry of default [DE-11] is DENIED without prejudice to MS Managment L.L.C. d/b/a Pier 24 Seafood & Pub.

## CONCLUSION

For the foregoing reasons, the motion for entry of default [DE-11] is GRANTED as to defendants Larry D. Barksdale and Marcus A. Smith and DEFAULT is hereby entered as to those defendants.

The motion for entry of default [DE-11] is DENIED without prejudice as to defendant MS Managment L.L.C. d/b/a Pier 24 Seafood & Pub. Within 21 days of the filing date of this order, plaintiff is directed to either (1) file a renewed motion for entry of default showing that this defendant has been properly served or (2) file a motion for extension of time under Rule 4 to serve this defendant.

SO ORD2(ERED. This the  28 day of July, 2023.

_____
Peter A. Moore, Jr.
Clerk of Court